UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT KETTLES,

    Plaintiff,

v.

NEW CENTER STAMPING, INC.,

    Defendant.

Case No:

Hon.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
RYAN T. FOWLER
Attorneys for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com
rfowler@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Scott Kettles (hereinafter "Kettles"), by and through his attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for his Complaint against Defendant, states as follows:

1.    Plaintiff is a resident of the City of Harper Woods, County of Wayne and State of Michigan.

2.    Defendant, New Center Stamping, Inc. (hereinafter "New Center") is a

domestic for-profit corporation whose resident agent is Gregory C. Smith, and whose resident address is 950 E Milwaukee St., Detroit, MI 48211, and who is duly authorized to do business and operate within the Southeastern District of Michigan.

3. Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c), and this Honorable Court has pendant jurisdiction over Plaintiff's state law claims under 28 USC §1367.

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

5. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendant constituting unlawful discrimination/harassment consisting racial discrimination, and retaliation in violation of Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA, §37.2101, *et seq*. which resulted in emotional and economic damages to Plaintiff.

## **GENERAL ALLEGATIONS**

6. Plaintiff incorporates by reference paragraphs 1 through 5 of the Complaint as though fully set forth herein.

7. Plaintiff is a 46-year-old Caucasian male who was hired by Defendant on September 26, 2018, and was most recently employed as a Maintenance Facilities Manager.

8. At the time Plaintiff was hired, the hourly associate staff for Defendant

was approximately 98 percent African-American.

9. On or about March 15, 2019, Defendant's Director of Manufacturing, Gary Looker (hereinafter "Looker"), called a plant wide associate meeting with all hourly associates in the basement cafeteria, and referred to the predominately African-American staff as "you people," while belittling and degrading them, and approximately 20 African American employees complained to Plaintiff about racist rhetoric used by Looker, citing the "you people" as just the most recent example.

10. In or around the beginning of April, 2019, Looker told Plaintiff in a private conversation that he was "going to get rid of all the God damn fucking n****rs from the production staff."

11. Plaintiff was shocked by the racist statement, but Looker continued to explain to Plaintiff that he wanted to "pull Yemen immigrants form Hamtramck to replace the fucking n****rs, we did the same thing at Tranor Company."

12. On or about April 15, 2019, Plaintiff met with Defendant's president, Ray Fernandez to express his concerns about the racist rhetoric used by Mr. Looker, and the impact it was having on employees.

13. In response to Plaintiff's complaint, Mr. Fernandez stated that he had no issue with Mr. Looker's rhetoric, and he proceeded to double down on the racist remarks by telling Plaintiff that he is going to remove the entitlement that these people think they have.

14. Plaintiff protested and informed Mr. Fernandez that he cannot make employment decisions based on race.

15. Defendant ignored Mr. Kettles' complaints and proceeded to replace at least 30 African-American employees due to their race.

16. Plaintiff was terminated on May 9, 2019 due to his complaints that African Americans were being harassed and discriminated against.

17. Defendant's actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

18. After Plaintiff's termination he promptly filed a complaint with the EEOC, and on December 11, 2019 the EEOC issued a Right to Sue letter.

## COUNT I
## RACIAL DISCRIMINATION IN VIOLATION OF TITLE VII AND THE MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT

19. Plaintiff incorporates by reference paragraphs 1 through 18 of the Complaint as though fully set forth herein.

20. Plaintiff witnessed unwelcome communication and conduct based on race as prohibited by Title VII and the Elliott-Larsen Civil Rights Act.

21. Plaintiff engaged in protected activity and reported the racial discrimination to Defendant and told them that they could not make employment decisions based on the race of an employee.

4

22. The ongoing and continuing unwelcome conduct and communication was intended to and did substantially interfere with employment and/or created an intimidating, hostile, or offensive work environment due to race.

23. Pursuant to Title VII and the ELCRA, employees are guaranteed the right to be free from discriminatory treatment and harassment and/or retaliation from his employer and/or supervisors based upon race.

24. Race and Plaintiff's complaints of race discrimination were factors in Defendants decisions, actions, treatment, conduct and attitude towards Plaintiff.

25. Plaintiff has been subjected to work in a hostile work environment due to his complaints about discrimination.

26. Plaintiff is entitled to exemplary and compensatory damages pursuant to Title VII and the ELCRA as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

27. Defendant discriminated against their employees by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by engaging in racial discrimination in the workplace;

   b. Imposing discipline based on race;

   c. Taking adverse employment action against based upon race and complaints of race discrimination;

   d. Preventing employees from having full and fair opportunities to advance in their position based upon race; and

    e. Creating a hostile work environment for employees by discriminating against them, harassing them, and retaliating against them due to race.

28. Defendant breached and violated their duties owed to their employees, by reason of the following acts and/or omissions:

    a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over employees;

    c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

    d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

29. As a direct and proximate result of the actions of Defendant, employees were the subject of discriminatory conduct on the part of Defendant.

30. Plaintiff is entitled to punitive, exemplary, and compensatory damages pursuant to Title VII and the ELCRA as a result of each and every violation of the act, including costs and reasonable attorneys' fees.

31. Because of the unlawful conduct of Defendant, their agents, representatives and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including humiliation, embarrassment, outrage,

mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate and just.

## COUNT II
## RETALIATION

32. Plaintiff incorporates by reference paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33. Pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*., employees are guaranteed the right to be free from discrimination from employers and/or supervisors based upon race.

34. Plaintiff's complaints of race discrimination were a factor in Defendants' employment decisions.

35. Defendant was Plaintiff's employer within the meaning of Title VII and the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

36. Plaintiff complained to the appropriate representatives of Defendant, in accordance with Defendants' policies and procedures for reporting harassment and discrimination.

37. Plaintiff was engaging in a protected activity when he complained of

race discrimination pursuant to Title VII and the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*.

38. In response to Plaintiff's complaint of racial discrimination resulting in a hostile work environment, Defendant retaliated against Plaintiff and took adverse employment actions against Plaintiff.

39. Defendant had actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Plaintiff.

40. Despite having notice of racial discrimination, Defendant failed to take any remedial action, but instead took adverse employment action against Plaintiff in retaliation for his complaints of racial discrimination.

41. The racial discrimination, and conduct by Defendant and Defendants' failure to take any remedial action violate Title VII and the Michigan Elliott- Larsen Civil Rights Act, MCL 37.2101 *et seq*.

42. As a proximate result of Defendants' retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendant in an amount in excess of $75,000.00, together with costs, interest

and attorney fees and any other relief this Honorable Court deems appropriate.

                            Respectfully submitted,

                            **BATEY LAW FIRM, PLLC**

                            By: /s/Scott P. Batey
                                 SCOTT P. BATEY (P54711)
                                 RYAN T. FOWLER
                                 Attorney for Plaintiff
                                 30200 Telegraph Road, Suite 400
                                 Bingham Farms, Michigan 48025
                                 (248) 540-6800
                                 sbatey@bateylaw.com
                                 rfowler@bateylaw.com

Dated:  December 30, 2019

## **DEMAND FOR JURY TRIAL**

    NOW COMES Plaintiff, Scott Kettles, by and through his attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

                            Respectfully submitted,

                            **BATEY LAW FIRM, PLLC**

                            By: /s/Scott P. Batey
                                 SCOTT P. BATEY (P54711)
                                 RYAN T. FOWLER
                                 Attorney for Plaintiff
                                 30200 Telegraph Road, Suite 400
                                 Bingham Farms, Michigan 48025
                                 (248) 540-6800
                                 sbatey@bateylaw.com
                                 rfowler@bateylaw.com

Dated:  December 30, 2019